BENJAMIN F. GRAVES vs. WASHINGTON MARINE INSURANCE
COMPANY.

A general refusal by insurers to pay a loss, and a subsequent negotiation with the insured for a settlement, without objection to the form of the preliminary proof of loss, will be a waiver of such objection.

If the defendants, in an action upon a policy of insurance, have put in evidence some of the papers which constituted the preliminary proof of loss, without objecting to their sufficiency at any time during the trial, it will be too late to raise the objection at the argument in this court on exceptions; although the judge at the trial refused to require the plaintiff to read the paper to the jury.

If a vessel which is insured by a valued policy becomes innavigable by reason of perils of the sea, while on her voyage, and requires repairs which will cost more than her valuation, and is thereupon condemned and sold in a port of necessity, without any repairs being made, and without an abandonment, the owner may recover the full sum insured, deducting the proceeds from the sale, if the amount so found does not exceed his net loss; and it is not necessary to inquire into her diminished value at the home port.

It is within the discretion of the judge who presides at a trial to require the jury to find specially on questions at issue between the parties.

CONTRACT on a policy of insurance for $2000, issued to the plaintiff by the defendants upon the schooner Sarah Burton, of the port of Boston, valued at $7000, for one year from August 20th 1863. The loss was payable in sixty days after proof and adjustment thereof.

At the trial in the superior court, before *Putnam*, J., it appeared that the vessel sailed from Boston for Gonaives in November 1863, and put into Turk's Island, where she was condemned and, with the old materials, sold for the gross sum of $526. The report of an auditor, to whom the case had been referred, was put in evidence, against the defendants' objections, in which the following facts were found:

The Sarah Burton was sold at auction, before any repairs were made, in pursuance of a survey appointed by the vice consul of the United States, upon the application of the master. Suitable repairs to enable her to complete her voyage, or proceed to Boston, could not be obtained at Turk's Island. Nassau was the nearest and most suitable port at which she could have obtained proper repairs. The cost of temporary repairs, to enable her to proceed to Nassau, and of her transportation thither,

would have been, in American currency, $3866.35. The cost of suitable repairs at Nassau, after deducting one third new for old, would have been, in American currency, $24,498.25. These sums included commissions, and premium on gold estimated at ninety-one per cent., and the estimates were based on the cost of repairs at Turk's Island and Nassau, and not at Boston. There was no evidence as to what would have been the cost of repairs at Boston.

The defendants objected to the admission of the auditor's report, 1. Because he did not ascertain and report the diminution in the value of the schooner by reason of the supposed injury; 2. Because this diminution of value should be ascertained at the home port; 3. Because no repairs had been made; 4. Because commissions, exchange and premium on gold had not been paid, and so were not chargeable; 5. Because no allowance was made for old materials sold. But the judge allowed the report to be read to the jury.

On the 15th of February 1864, the plaintiff, as and for the preliminary proof of his loss, presented to the defendants two surveys which had been made at Turk's Island, and also the protest of the captain, mate and some of the crew, which papers were subsequently returned to the plaintiff, without any objection as to their sufficiency, the only reply of the defendants being that they "declined paying for the present." The plaintiff also presented to them, shortly afterwards, an adjustment of the loss made up by adjusters; and there was evidence as to subsequent negotiations between the parties concerning the payment of the loss, but no evidence of any objection made to the preliminary proof.

The plaintiff introduced the protest in evidence, and the defendants insisted that he should also read the two surveys; but the judge did not require him to do so. The plaintiff thereupon offered them to the defendants, who read them to the jury. The judge instructed the jury that the plaintiff must satisfy them that he seasonably presented his preliminary proofs, but that they might say whether, upon the evidence, the defendants had not waived any objections to their sufficiency.

The judge also, upon the request of the plaintiff, submitted three questions to the jury, as follows : 1. What would have been the cost, in gold, of temporary repairs at Turk's Island, to enable the vessel to go to a port for full repairs ?   2. What would have been the cost, in gold, of permanent repairs at Nassau ?   3. What would have been the value of exchange ?

The jury returned a verdict for the plaintiff, for the full amount of the policy, deducting the premium note ; and, in reply to the questions put them, returned special findings confirming the facts found by the auditor.   The defendants alleged exceptions.

The plaintiff afterwards filed a written waiver of " all claim to two sevenths of the amount of the proceeds of the sale of the vessel at Turk's Island," and consented " that the same may be deducted from the amount of the verdict rendered by the jury."

*C. B. Goodrich & I. J. Austin,* for the defendants.   The plaintiff was bound to read the protest and the two surveys, as a part of his case.   It was incumbent on the plaintiff to show that he made sufficient proof of loss to the defendants.   *Wellcome* v. *People's Ins. Co.* 2 Gray, 480, and cases cited.   He voluntarily read the protest.   Having done so, he was bound also to read the surveys.   The preliminary proof was made as an entirety. If a party reads part of a paper, he must read the whole, so far as it relates to the same subject matter.   It is no answer to say that the surveys were read by the defendants.   Their effect and use were not the same.   There was no waiver on the part of the defendants of the preliminary proof.

The auditor's report should have been excluded.   He made no deduction for the value of the old material saved.   And as no repairs were in fact made, he should have found the diminished value of the vessel, and this diminution of value should have been ascertained at the home port.   *Hall* v. *Franklin Ins. Co.* 9 Pick. 483.

The questions put to the jury were calculated to create a prejudice to the defence.

*C. W. Loring & F. C. Loring,* for the plaintiff, cited, as to the

general measure of damages, *Lincoln* v. *Hope Ins. Co.* 8 Gray 22; *Badger* v. *Ocean Ins. Co.* 23 Pick. 347; *Orrok* v. *Commercial Ins. Co.* 21 Pick. 468; *Hall* v. *Ocean Ins. Co.* Ib. 472, *Peirce* v. *Ocean Ins. Co.* 18 Pick. 83; and, as to including commissions and exchange, *Brooks* v. *Oriental Ins. Co.* 7 Pick. 270; *Bradlie* v. *Maryland Ins. Co.* 12 Pet. 405.

BIGELOW, C. J. There was evidence proper to be submitted to the jury upon the question whether the defendants had not waived all objections to the sufficiency of the preliminary proof of loss. It appeared at the trial, not only that the defendants made no objection to the nature or kind of proof submitted to them by the plaintiff, but that they contented themselves with a general refusal to pay, and that subsequently they entered into negotiations with the plaintiff for a settlement of the loss without any suggestion that he had not offered all the proof necessary to make his claim under the policy due and payable. This course of conduct tended to lead the plaintiff into the belief that the defendants did not require further evidence of the loss, and to induce him to forbear making fuller proof, if that originally offered was in any respect deficient. 2 Arnould on Ins. 1200. *Francis* v. *Ocean Ins. Co.* 6 Cow. 404, 415; *S. C.* 2 Wend. 64. *Heath* v. *Franklin Ins. Co.* 1 Cush. 257, 265. *Martin* v. *Fishing Ins. Co.* 20 Pick. 389, 396. The jury having found a waiver of further preliminary proof of loss upon competent and adequate evidence, the defendants were precluded from all objection to its sufficiency.

Besides; if there had been no waiver, the defendants show no valid ground of exception to the course adopted at the trial in relation to this part of the case. All the documents which constituted the preliminary proof were in evidence at the trial. It was open to the defendants to raise any objection to its sufficiency, and to ask for a ruling of the court on the question. This they did not do. Having omitted to avail themselves of the opportunity to object to the adequacy of the proof, they cannot now be heard to say that it was defective or informal. It is no answer to say that the documents were not offered in evidence by the plaintiff, and that the court erred in not requiring

him to produce them. This was a wholly immaterial error, which worked no prejudice to the defendants. It was competent for them to raise the objection at any stage of the trial after the protest and survey were put in evidence, and its weight and effect would have been the same, whether the evidence on which it was based was introduced by themselves or by the plaintiff. They were not aggrieved, therefore, by the ruling of the court that the plaintiff was not bound to offer these documents in evidence, nor were they shut out from raising objections to the sufficiency of the preliminary proof.

The objection to the auditor's report, on the ground that he did not find the diminished value of the vessel at the home port, and that his finding as to the amount of the plaintiff's claim for a partial loss should have been based on such home valuation, is not well founded. The insured is entitled to an indemnity He cannot claim for a total loss, because there has been nc abandonment. But there can be no doubt that the sale of the vessel was justifiable, because it was impossible to repair her, either at the port of necessity or at a neighboring port to which she might have gone after receiving temporary re pairs, without an expenditure of a sum greatly exceeding the value of the vessel as fixed by the policy. Under such circumstances, her diminished value at the home port is no measure of indemnity, even if it could be ascertained. By reason of the perils insured against, the assured has been com pelled to sell his vessel in a foreign port. He could not bring her home without repairs. He could not make the repairs, because the cost of them would have been excessive and dispro portionate. He has therefore sustained a loss equivalent to the whole sum insured by the policy. It is quite immaterial that no repairs were actually made, because it is apparent that, if made, it would not have diminished the plaintiff's claim on the insur ers. The contract of insurance on the ship is, that the insured shall be indemnified for losses by perils of the sea during the time named in the policy. If the ship becomes innavigable in consequence of such perils, so as to require repairs in a foreign port which cannot be made, and a sale of the ship becomes

necessary, the loss of the owner cannot be less than the value of the ship, deducting the proceeds of the sale, and nothing less than that sum can be an indemnity under such circumstances. Stevens & Benecke on Av. (Phil. ed.) 387, *n.* 2 Arnould on Ins. 985. The plaintiff, having waived his claim to retain the whole sum received for old materials sold, and having agreed to deduct from the amount of the verdict a due proportion of such proceeds, is entitled to recover of the defendants the balance remaining after such deduction is made.

It was within the discretion of the court to require the jury to find specially on certain questions at issue between the parties. *Dorr* v. *Fenno*, 12 Pick. 521, 525. *Spoor* v. *Spooner*, 12 Met. 281. Besides; we do not see that the defendants have been in any degree prejudiced by the mode in which this discretion was exercised at the trial. *Exceptions overruled.*